**In re GREENE.**

**GREENE v. LANE.**

No. 5871.

Circuit Court of Appeals, Seventh Circuit.
Feb. 3, 1937.

Joseph E. Snowden and Heber T. Dotson, both of Chicago, Ill. (Heber T. Dotson, of Chicago Ill., of counsel), for appellant.

Thomas Rosenberg, of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

BALTZELL, District Judge.

Appellant filed a voluntary petition in bankruptcy on the 4th day of November, 1935, and on the 13th day of November of that year he was adjudicated a bankrupt. Several months prior thereto a suit had been filed by Otis Lane against him in the superior court of Cook county, Ill., in which a judgment in the sum of $10,000 was rendered. The declaration in that suit contained three counts, the first of which charged appellant with operating an automobile in a careless, negligent, and improper manner, the result of which was that appellee was injured. The second count charged appellant with operating an automobile at a speed greater than was then and there reasonable and safe, having regard for the traffic and use of the way, and in violation of a statute regulating the speed of an automobile. This count also

charged that appellee was injured because of such negligent acts on the part of appellant. The third count charged that appellant wholly disregarded his duty to exercise due care in the operation of his automobile, in that it was to be operated at a reasonable rate of speed and under his control at all times to avoid injury to others, but that he nevertheless did *willfully* and *wantonly* drive his automobile at a high, excessive, and dangerous rate of speed and without stopping for the stop signal, etc.; that as a result of such acts appellee sustained severe injuries for which he seeks to recover damages. The third count differs from the others especially in that it charges that the acts of appellant were done *willfully* and *wantonly*. This case was tried to a jury and a verdict in favor of appellee in the sum of $10,000 was returned on the 23d day of May, 1935. There was propounded to the jury at the time of the submission of the case to it the following interrogatory: "Was the defendant, James E. Greene, guilty of willful and wanton conduct, as charged in the third count of plaintiff's declaration?" To which interrogatory the jury answered: "Yes." On the 26th day of July, 1935, judgment was rendered upon the verdict assessing damages against appellant and in favor of appellee in the sum of $10,000. The entry containing such judgment also contained this language: "It is therefore ordered that the special interrogatory and the answer thereto by the jury be spread upon the records of this court."

On the 19th day of November, 1935, appellant filed in the District Court in which he had previously been adjudicated a bankrupt a petition in which he sought to have appellee and all other of his creditors restrained and enjoined from proceeding or taking any further proceedings against him until twelve months from November 13, 1935, or within such time as he should apply for a discharge and have the question of his discharge determined. In such petition he also asked that appellee, his agents and attorneys, be ordered not to have any writ or capias ad satisfaciendum executed against him upon the $10,000 judgment. It was his contention, as disclosed by such petition, that the judgment was one that is dischargeable by bankruptcy. On the same day an order was entered in accordance with the prayer of the petition, thus restraining and enjoining appellee from proceeding to col-

lect his judgment. A petition was filed by appellee on the 30th day of January, 1936, seeking to vacate and set aside such order for the reason, as contended by him, that the judgment is not, under the Bankruptcy Act, one that is dischargeable by bankruptcy. Such proceedings were had that, after notice and hearing, the District Court entered an order on the 14th day of February, 1936, vacating and setting aside the injunctive order entered on the 19th day of November, 1935. From this order appellant is prosecuting this appeal.

There is no contention on the part of appellant that the judgment rendered in the superior court is invalid. His contention is that it is an ordinary judgment in tort, and is, therefore, dischargeable by bankruptcy. The contention of appellee is that, while it is a judgment in tort, one count of the declaration alleged willful and wanton conduct, and therefore both the general verdict and the interrogatory submitted to the jury and answered by it in the affirmative show that the acts of appellant causing the injuries to him were done in a manner which precludes the judgment from being discharged by bankruptcy. The question to be determined, therefore, is whether or not such judgment is one dischargeable by bankruptcy.

Under the Bankruptcy Act certain debts are not affected by a discharge. The statute upon that subject is as follows:

"Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, òr municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations, or for *willful and malicious injuries to the person* or property of another, or for * * *" (Our italics.) 11 U.S.C.A. § 35.

As shown by the record, the judgment in question is for "injuries to the person" of appellee, caused by the acts of the appellant. Were those acts done in a willful and malicious manner so as to prevent a judgment obtained therefor from being discharged by bankruptcy on application of the wrongdoer? That is the question.

The third count of the declaration charges that the acts on the part of appellant were done by him *willfully* and *wantonly*, and the jury so found. The verdict of the jury and the judgment

of the superior court rendered thereon (including the interrogatory and the answer thereto) are to the effect that the acts of appellant which caused the injury were done by him *willfully* and *wantonly*. Therefore, this court must accept that verdict and judgment as true for the purpose of · determining the question here presented.

It will be noted that both the allegation in the third count of the declaration and the language contained in the interrogatory used the words "'willful and wanton" instead of "willful and malicious" as used in the Bankruptcy Act, supra. The acts of which appellee complains need not be charged in the language of the statute. Peters, Sheriff, v. United States ex rel. Kelley, 177 F. 885 (C.C.A.7). The term "willful and malicious" as used in the Bankruptcy Act in question need not involve actual malice, as we usually think of that term. In fact, actual malice is seldom present in such cases. If an act, wrongful within itself, is done intentionally and in willful disregard of what one knows to be his duty and which does, through necessity, cause an injury to another, it may be said, under the act, to be done willfully and maliciously. Willful and malicious injury, in the Bankruptcy Act, does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally, without just cause or excuse. 4 Words and Phrases, Second Series, 1312. In discussing this question the Supreme Court, in the case of Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 508, 48 L.Ed. 754, said: "In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained."

The judgment in question was rendered in an action in which the jury said that appellant was guilty of committing willful and wanton acts. Such acts, therefore, were done under such circumstances that an ordinary person would say they were in reckless disregard of the rights of others, including appellee. See Tolleson v. Southern Ry. Co., 88 S.C. 7, 70 S.E. 311. " 'Wantonly' means without reasonable excuse and implies turpitude, and an act to be done wantonly must be done intentionally and with design, without excuse and under circumstances evincing a lawless, destructive spirit. It is a reckless disregard for the lawful rights of others, such a degree of rashness as denotes a total want of care, or a willingness to destroy, although destruction itself may have been unintentional." See, Palmer v. Smith, 147 Wis. 70, 132 N.W. 614; In re Frank Dutkiewicz, 27 F.(2d) 334 (D.C.); In re Cunningham, 253 F. 663 (D.C.); 4 Words and Phrases, Second Series 1236. The word "wanton" as defined by Webster's International Dictionary means "reckless," "heedless," "malicious." As defined by the Century Dictionary we find it to mean "characterized by extreme recklessness," "foolhardiness," "malicious," "recklessly disregardful of the right or of consequences."

Applying to the term "wilful and wanton" the meaning given by our courts and the meaning of the words themselves constituting such term, it seems · that an act done "willfully and wantonly" is included in the bankruptcy statute, supra, and any judgment obtained because of such act is not dischargeable by bankruptcy. Such an act must be said to have been done "willfully and maliciously" as contemplated by the statute. The judgment in question, therefore, is not dischargeable by bankruptcy.

The order of the District Court is affirmed.