**BARBACHANO et al. v. ALLEN et al.**

No. 12759.

United States Court of Appeals Ninth Circuit.

Oct. 31, 1951.

On Petition for Modification Dec. 7, 1951.

Allen and others. In 1950, the judgment remained unsatisfied. Appellants then moved the court for an order directing that writs of execution issue notwithstanding the lapse of more than five years since the entry of judgment.[1] The trial court found plaintiffs-appellants not guilty of laches; held that the judgment might be enforced or carried into execution irrespective of the lapse of more than five years, but ordered that the writ of execution should not be enforced against the defendant, Willis Allen, because he had, subsequent to the entry of the judgment, received a discharge in bankruptcy. Upon this appeal the sole question is as to the correctness of this order and holding as to Willis Allen.

Appellants assert that the record shows that the judgment was recovered on account of "liabilities for obtaining money or property by false pretenses or false representations" and "for willful and malicious injuries to the person or property of another", within the meaning of the second clause of § 35 of Title 11 U.S.C.A., which enumerates "Debts not affected by a discharge".

The findings, upon which the judgment in question was based, are to the effect that the plaintiffs, citizens of the Republic of Mexico, and the defendants, citizens of the State of California, entered into a certain agreement in writing whereby it was provided that the plaintiffs should procure from the Republic of Mexico a concession for a radio station to be located in that country and that the defendants would pay all deposits or fees required in connection therewith and construct the radio station at their own expense, it being understood that the plaintiffs would have to expend

Leonard Horwin, Beverly Hills, Cal., for appellant.

Lawrence W. Allen, Los Angeles, Cal., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

In 1941, the appellants recovered a judgment in the court below against Willis

1. Federal Rules of Civil Procedure, rule 69(a), 28 U.S.C.A.: "* * * The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *"

Section 685, California Code of Civil Procedure: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. * * *"

approximately $27,000, but that defendants would expend not less than $120,000 for the purposes mentioned. It was further found that the defendants, in negotiating the contract, represented that they were financially able and ready to perform the contract; that the plaintiffs relied upon those representations but that the representations and statements were false and known by defendants to be false; that defendants were not financially able or ready to perform their agreement; that they breached it in its entirety, and therefore the plaintiffs were compelled to provide the sums which defendants had promised but failed to produce, and that in consequence of this failure to perform, plaintiffs sustained loss in the sum of $61,060.42.

The court also found that had defendants performed the terms of their contract, the radio station might have been more promptly completed; that because of defendants' defaults the completion date was delayed for a period of five years and in consequence thereof the plaintiffs suffered an additional $15,150 in damages.

The court further found that the defendants, pursuant to plan, design and conspiracy, caused communications to be sent to various persons stating falsely that the defendants were the owners of the radio station, and that plaintiffs had no rights therein, and threatening suit against persons who dealt with plaintiffs in respect to the station; that pursuant to this plan, design, etc., the defendants wrongfully attached certain materials, supplies, equipment and apparatus belonging to the plaintiffs and acquired by them for use in the construction of the radio station, and that in consequence of the unlawful attachment the attached property could not be moved when needed to the site of the radio station, and that the construction and installation of the station was delayed so that the Mexican Government terminated the concession by reason of which plaintiffs were compelled to expend the sum of $10,000 to reinstate the concession, all to their damage in that amount.

The judgment was for $86,210.42, the sum of the aforementioned items of damage in the respective amounts of $61,060.42, $15,150, and $10,000.

■ In respect to the item of $61,060.42, it is apparent that the judgment for that amount does not relate to a liability "for obtaining money or property by false pretenses or false representations." It is true that the court found the false pretenses and false representations to have been made, but neither the defendants, nor any one else, obtained any money or property thereby. Hence, the liability for this sum does not come within the category of debts not affected by a discharge. Cf. Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717.

Nor was this sum awarded for "willful and malicious injuries to person or property of another". The award is of damages for additional expenditures which the plaintiffs in the action were required to make by reason of defendants' failure to perform.

■ A like conclusion is required with respect to the item of $15,150. The court's finding with respect to that was that "plaintiffs have been damaged in the sum of $15,150 in that if said defendants had performed * * * said contract * * * they * * * would have completed the construction of said radio station and would have had the same operating within the period of 120 days * * * and thereby and under the terms of said contract said plaintiffs * * * would have become entitled without cost to themselves to the broadcast of the activities of said Rosarito Beach, Mexico, * * *; that said last named plaintiffs have been deprived of such free broadcasts by the acts and conduct of said defendants and that the value of such free broadcasts has been at the rate of $300 per month * * * or a total damage of $15,150". It thus appears that the basis for the award of this sum was neither an obtaining of property nor a willful and malicious injury to the person or property of another.

The item of $10,000 which was awarded as damages for the wrongful attachment appears in a somewhat different light.

The finding that this attachment was pursuant to a "plan, design and combination and conspiracy to commit the acts * * * complained of," that the allegations in the attachment suit were "in all respects false", that in consequence of the wrongful attachment the plaintiffs were prevented from completing the installation of the station, sufficiently shows that the recovery was "for willful and malicious injuries to the person or property of another". The wrongful attachment operated as a trespass upon the personal property of the plaintiffs.

With respect to this matter, however, appellees assert that it was not claimed in the trial court that any part of the judgment was for willful and malicious injuries to person or property and therefore this contention cannot be made here. In response to this assertion the appellants, by motion in this court, asked leave to supplement the record on appeal by furnishing the court the plaintiffs' brief filed in the court below in support of their motion to enforce the judgment. This motion to supplement the record was granted, and the brief so filed with the trial court has been furnished here. Subsequently the appellees filed their motion to vacate the order granting permission to file that brief. We reserved action thereon until disposition of the appeal itself.

We think it apparent from the record and the motion papers of both parties that the defense of discharge in bankruptcy was first presented by the appellee, Willis Allen, in response to appellants' motion for issuance of execution. The motion came on for hearing on July 3, 1950, at which time the court suggested that instead of making oral arguments upon the motion, the parties present briefs. The brief presented by the appellants in support of their motion is the one which we have permitted to be filed to supplement the record. It discloses that the appellants did present the argument that Willis Allen's liability "is likewise excepted from the discharge, as being one for 'willful and malicious injuries to the * * * property of another' within the meaning of the further language of the same clause of the Bankruptcy Act".

It sufficiently appears that this point was made in the trial court and appellants may urge it here. We therefore hold that to the extent of the $10,000 recovery contained in the judgment, the debt of the appellee Willis Allen was not affected by the discharge.

Accordingly, the district court is directed to modify its order so as to require writ of execution to issue against Willis Allen upon so much of the judgment as awards the sum of $10,000, the execution to include a proportionate amount of the costs in said action, together with interest on said sums at the statutory rate to the date of the writ.

## On Petition for Modification.

PER CURIAM.

Subsequent to the date of the court's opinion herein, the appellees filed a so-called "Petition for Modification of Opinion and Judgment", which is, in substance, a petition for rehearing, and we have therefore treated it as such.

Appellees find fault with the statement in the court's opinion that "the defense of discharge in bankruptcy was first presented by the appellee, Willis Allen, in response to appellant's motion for issuance of execution". They point out that the record shows that the appellants' motion itself discloses that appellants were aware of the discharge and asserted in their memorandum of authorities attached to the motion, that the judgment debt was not discharged because the judgment was "in damages for fraud". It is also asserted that the court was in error in suggesting that the record discloses that the briefs filed by the parties in the lower court were in lieu of oral arguments; that extensive oral argument was first had and that the court then granted permission to the parties to file briefs simultaneously. It is asserted that the record discloses that the trial court requested briefs on but two points which did not include the question of whether the judgment was one for willful and malicious

840

injuries to person or property. It is contended, therefore, that the appellants had no right to insert an argument upon that point in their trial court brief.

Appellees further say that although attached to that brief, which has been furnished here pursuant to our order permitting the record to be supplemented, is an affidavit showing that it was served upon counsel for appellees by mail, yet appellees never received a copy thereof, and had no knowledge of its contents prior to the time when the court ruled upon the motion for issuance of execution. Appellees say that if this point had been raised during the oral argument, or if they had been aware of the contention of appellants' brief, they would not only have presented argument on the merits but also additional evidence. Attached to the motion is an affidavit of Willis Allen setting out in detail what this evidence would have been.

We think that appellees should not be deprived of any substantial right through any mistake, surprise or excusable neglect which prevented them from a full presentation of their side of the controversy either in the trial court or in this court. We note, however, that after this court had made its order of June 8, 1951, permitting appellants to file here their brief in the trial court, appellees filed a motion to set aside that order, to which was attached an affidavit reciting that the trial court had given both sides an opportunity to submit simultaneous briefs, original briefs to be filed by September 1, 1950, and reply briefs by September 20, 1951. The affidavit then recites, "That thereafter, on or about August 31, 1950, plaintiffs and defendants filed their respective briefs." There was no claim of want of service or of notice.

■ It would appear that appellees must have known or should have assumed, that the brief in question was in fact filed. We are unable to discover in the transcript of proceedings in the trial court, at the time leave was granted to file briefs, anything to indicate that the trial judge undertook to limit the points which the parties might argue in their respective briefs. What the trial judge did was to indicate that there were two points upon which he requested authorities. In our view, it was open to either party to present arguments upon any point of law or legal theory he might choose at any time prior to the final submission of the cause. The fact that appellants' motion for execution, in anticipating a plea of discharge, made mention only of "fraud", did not foreclose them from enlarging their argument later.

The affidavit attached to the present petition sets forth the evidence or testimony which appellee, Willis Allen, says he would have supplied had he known that the point of willful and malicious injury to person or property was being presented. This was evidence to the effect that the damages awarded in the action were not caused by the so-called unlawful attachment; that the attachment worked no delay in the completion of the radio station, but that the delays were due to other causes.

■ It seems clear to us that it was not open to appellees thus to make a collateral attack upon the judgment here sought to be enforced, for the judgment is predicated upon the findings which are set out in this court's opinion and which expressly recited, "That by reason of such attachment the plaintiffs herein were prevented from completing the construction" of the station within the required time, and that as a consequence, plaintiffs were compelled to expend the additional $10,000 for a reinstatement of the concession. If the failure of appellees to understand or appreciate the contents of appellants' brief before the trial court could be characterized as excusable neglect, it is nevertheless apparent that they suffered no avoidable adverse consequences therefrom, for it was not permissible to them then to retry or relitigate the matters which had been determined by the findings and judgment.

■ The record before us contains the pleadings, the findings, and the judgment in the action. These disclose an express determination that $10,000 of the judgment sum was awarded for willful and malicious injuries. What that record recites we must accept as true for the purpose of determining the question here presented. In re Greene, 7 cir., 87 F.2d 951, 953, 109 A.L.R. 1188.

■ Appellees contend that the award of $10,000 was not for tort, but for a wrong arising ex contractu, because the attachment suit was one upon a contract. But the findings show that the recovery was for a wrongful attachment, which was coupled with a slander of title. This was in tort, not in contract. Where the findings are thus clear, they must be accepted. Only when the record does not disclose the nature of the claim, as in Greenfield v. Tuccillo, 2 cir., 129 F.2d 854, may the parties offer proof aliunde. In re Greene, supra; cf. Davis v. Aetna Acceptance Co., 293 U.S. 328, 331, 55 S.Ct. 151, 79 L.Ed. 393.

The petition is denied.

The judgment of modification is amended by adding thereto the direction to the Clerk that the appellants shall recover upon this appeal one-half the cost of printing the record and all of their other costs.