In the Matter of M. Lee **MONROE**, individually and doing business as **North Area Refuse Company**, a sole proprietorship, **Bankrupt**, **Appellant**,

v.

James E. **CUSSEN**, Trustee, Appellee.

No. 71–1639.

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1972.

Rehearing Denied Feb. 25, 1972.

---

1. See Cohen v. Western Hotels, Inc., 9th Cir., 276 F.2d 26; Calif.Ev.Code §§ 1500 and 1509.

Ely, Circuit Judge, dissented and filed opinion.

---

Simeon S. Reibin, Rancho Cordova, Cal., for appellant.

Thomas W. Olson, Jr., Sacramento, Cal., for appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant appeals from an order of the district court, entered on January 28, 1971, denying bankrupt's Petition for Review and affirming the referee's order denying a discharge in bankruptcy. Appellant contends that the district court erred in adopting the Referee's Finding of Fact 16, in which the referee concluded that " . . . the failure of the bankrupt to appear at the first meeting of creditors and continu-ances thereof, was without sufficient excuse."

The finding of the referee should be set aside only if it is clearly erroneous. Olympic Finance Co. v. Thyret, 337 F.2d 62 (9th Cir. 1964); Security-First Nat. Bank of Los Angeles v. Quittner, 176 F.2d 997 (9th Cir. 1949); Rule 52(a) Fed.R.Civ.P.; General Orders in Bankruptcy, Order No. 47 (Report of Referees and Special Masters). This court has further held:

"Where a finding of fact by the referee is based upon conflicting evidence, or where the credibility of witnesses is a factor, a district court and, on appeal, a court of appeals will seldom hold such a finding clearly erroneous." Costello v. Fazio, 256 F.2d 903, 908 (9th Cir. 1958).

Here, the fact of the appellant's failure to appear at the first meeting of creditors, and at two continued meetings scheduled because of that failure, is not in dispute. After an order was entered by the referee declaring that the bankrupt had waived her right to a discharge, she did appear at a hearing held on her petition for reconsideration of that order. The testimony then was in some dispute, but the order of the referee on conflicting testimony after weighing the credibility of the witnesses is not clearly erroneous.

The judgment of the trial court affirming the order of the referee dated June 19, 1970, is affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. The majority ignores a disturbing consideration. This is the fact that the Referee conducted the critical hearing after he had already expressed his opinion, privately and in writing, to the effect that the bankrupt was not legally justified in having failed to attend the meetings of the creditors. The bankrupt's counsel represents that he did not learn of the Referee's expression of pre-judgment until after it was too late to complain in the District Court. In these circum-

stances, it seems to me that the Referee should have either voluntarily recused himself or, at the very least, have advised counsel, in advance, of his opinion concerning the dispositive factual issue, previously set forth in his informally written communication to the district judge. This would have enabled the bankrupt's counsel to request that the hearing be conducted by a different Referee, or, had it been the choice, to agree that the Referee in question was not disqualified. As it is, we permit the bankrupt to retain the lasting impression that her litigation was not initially resolved by an impartial tribunal.

I would reverse.