Morris **COEN** and Helen Coen,
Bankrupts-Appellees,
v.
William **ZICK,** Creditor-Appellant.

Morris **COEN** and Helen Coen,
Cross-Appellants,
v.
William **ZICK,** Appellee.
Nos. 25614, 25620.

United States Court of Appeals,
Ninth Circuit.
April 3, 1972.
Rehearing Denied May 5, 1972.

Charles Christakis (argued), Phoenix, Ariz., for appellant/cross appellee.

Horace L. Lurie (argued), of Lurie & Friedman, Phoenix, Ariz., for appellee/cross appellant.

Before: ELY and TRASK, Circuit Judges, and WILLIAMS,* District Judge.

TRASK, Circuit Judge:

This is an appeal from a judgment of the district court which affirmed an order of the Referee in Bankruptcy discharging, in part, a debt of the bankrupt resulting from a judgment of the Superior Court of the State of Arizona. Jurisdiction of this court is based upon 28 U.S.C. § 1291.

Prior to November 23, 1965, William Zick had been a tenant occupying premises in which Zick operated a restaurant business. On November 23, 1965, Zick filed a complaint against Coen alleging wrongful eviction and conspiracy to force plaintiff to vacate. He sought both compensatory and punitive damages. The single count complaint charged that the defendants "acted willfully and maliciously without regard for the rights and feelings of the Plaintiff, and with the intent of harassing Plaintiff and forcing him to vacate the premises. . . ."[1]

The court was asked to and did instruct the jury that it could award compensatory and punitive damages only if the jury found that the defendant wrongfully evicted the plaintiff and that the wrongful eviction was "intentional, wilful and wanton."[2]

---

\* Hon. Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

1. The acts which the plaintiff charged the defendant with doing, included:
    "(1) removal of plaintiff's signs advertising his restaurant business; (2) closing the door adjoining plaintiff's restaurant with defendants' bar, thus prohibiting people from going from the bar into the restaurant; (3) prohibiting the defendants' employees and waitresses working at the defendants' bar and bowling lanes from filling orders in plaintiff's restaurant; (4) refusing to repair air conditioning units in kitchen and restaurant; refusing to repair lights and other fixtures in restaurant; (5) opening up a competing food business in the bowling lanes area and having their employees and waitresses fill food orders only at said place;

(6) serving sandwiches in the defendants' bar; refusing to serve beverages from defendants' bar to plaintiff's customers in the restaurant; and (7) filing two (2) eviction suits against plaintiff (T.R. 23)."
    Brief for Appellant at 2–3.

2. "If you find from a preponderance of the evidence that the Defendants wrongfully evicted the Plaintiff, and that said wrongful eviction was intentional, wilful and wanton, and that the Plaintiff was damaged thereby, you may, in addition to such compensatory damages, if any you may find that Plaintiff has sustained and is entitled to recover, assess such punitive or exemplary damages as are reasonably [sic] and just under the circumstances of this particular case, against the Defendants." T.R. at 39.

The jury returned a verdict in favor of the plaintiff and assessed compensatory damages in the sum of $10,000 and punitive damages in the sum of $5,000. Following an agreed reduction in the amounts of damages an amended judgment was filed on April 29, 1968, in the Superior Court of Maricopa County, for $5,100 compensatory damages, $1,000 punitive damages and $288.85 costs.

Morris Coen, the judgment debtor, and Helen Coen, his wife, filed a voluntary petition in bankruptcy on June 5, 1968, and listed the judgment obligation in their bankruptcy schedules. When the judgment creditor proceeded in his efforts to collect, the bankrupts filed a "Petition to Declare Null and Void Liens Obtained by Garnishment and Motion to Declare Debt Dischargeable." This matter came before the Bankruptcy Court where evidence was introduced and the court made findings. It found the basic facts as to judgment, collection attempts and bankruptcy and continued:

> "There was no adequate showing that the judgment obtained by William Zick against Morris Coen in the state court action was based upon willful and malicious acts of Coen. . ."

It thereupon determined as a conclusion of law that:

> "[T]he judgment should therefore be discharged and the garnishment proceedings thereon declared null and void except only to the extent of $1,000 of 'punitive' damages included therein."

The resulting judgment and order discharged the debt except as to the item of $1,000 awarded for punitive damages. The district court denied a petition for review of the order of the referee.

Both sides have appealed. The appellant Zick appeals from that part of the order granting a discharge of the judgment for compensatory damages. The bankrupts, appellees and cross appellants, appeal from that portion of the judgment which denies a discharge of the sum of $1,000 as punitive damages.

■■ We may not set aside the findings of the referee which have been affirmed by the district court unless those findings are clearly erroneous. Monroe v. Cussen, 454 F.2d 1151 (9th Cir. 1972); Rule 52(a) Fed.R.Civ.P. In the present case, the findings rest upon the written record of the proceedings of the trial court about which there is no question. Therefore, the only unresolved inquiry is whether that record taken as true constitutes sufficient proof to establish that the judgment obtained by appellant against the bankrupts in the state court was based upon willful and malicious acts of Coen. We find that it was conclusive of the nature of the proceeding and of the basis upon which the judgment was obtained in the state court. As we said in Barbachano v. Allen, 192 F.2d 836, 840 (9th Cir. 1951),

> "The record before us contains the pleadings, the findings, and the judgment in the action. These disclose an express determination that $10,000 of the judgment sum was awarded for willful and malicious injuries. What that record recites we must accept as true for the purpose of determining the question here presented. In re Greene, 7 Cir., 87 F.2d 951, 953, 109 A.L.R. 1188."

Both parties to this appeal appear to be in agreement that the judgment for compensatory damages is dischargeable unless it is prevented from being so by Section 17(a) (2) of the Bankruptcy Act. 11 U.S.C. § 35(a) (2).[3] The appellant introduced in evidence before the

3. 'A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published in any manner whatsoever with intent to deceive, *or for wilful or malicious injuries to the person or property of another,* . . .' (Emphasis added)" T.R. at 28.

referee the record of the proceedings in the state court, including the complaint, the amended answer, the instructions numbered 6 and 7 with respect to punitive damages and the amended judgment in favor of appellants awarding $5,100 as compensatory damages and the sum of $1,000 as punitive damages. Those portions of the record are also before us as a part of the record on appeal.

On the basis of this record both sides rely here upon a prior decision of this court in Barbachano v. Allen, *supra*. In that case the parties entered into a written agreement whereby the plaintiffs in the prior damage proceeding would procure a permit for a radio station and the defendants would pay all fees and construct the station at their own expense. The plaintiffs recovered a judgment against the defendants, who became the bankrupts, as follows:

1. For the sum of $61,060.42 because the bankrupts falsely represented that they were financially able and ready to perform their part of the agreement whereas they were not. As a result, the plaintiffs, who became the judgment creditors, were required to perform this portion of the agreement of the bankrupt to their damage.

2. For $15,150 in damages resulting from breach of the agreement. Had the bankrupts performed their obligations under the contract as agreed, the station would have been built more promptly.

3. For $10,000 in damages caused by efforts to reinstate the revoked government permit. The bankrupt wrongfully attached property, apparatus and equipment of the creditors which was necessary for construction. As a result the government permit was revoked.

The judgment creditor moved for an order directing that writs of execution issue and the bankrupts asserted their discharge in bankruptcy as a defense. The United States District Court denied the application for the writ of execution on the first item upon the ground that the judgment did not relate to a liability "for obtaining money or property by false pretenses or false representations" as asserted by the creditor. Nor was it for "willful and malicious injuries to person or property of another." It was an award for additional expenditures caused by breach of contract. The same result was reached as to the item of $15,150. This court affirmed. However, the lower court's denial of a writ of execution on the third item was reversed. We held that the finding that the attachment was pursuant to a "conspiracy" to commit the acts and that the allegations supporting it were "in all respects false" placed it within the discharge exception for "willful and malicious injuries to person or property."

We note that in *Barbachano* the dischargeability of each amount was treated separately because each was based upon a separate finding with a separate award of damages as to each injury. In the case before us, however, there is only one claimed cause of action consisting of a number of different acts and one claim of damages consisting of both compensatory and punitive elements for the same acts. If we follow the reasoning in *Barbachano* here, both punitive and compensatory damages flow from one and the same course of conduct. If the acts were intentional and malicious they would support a right in the plaintiff to be compensated for loss or damage and they would also justify a recovery of punitive damages. But the legal basis for each is the same. That is what the appellant argues, and with that argument we agree.

██ The statutory exception which measures non-dischargeability is ". . . for liabilities . . . for willful or malicious injuries to the person or property of another. . . ." The exception is measured by the nature of the act, *i. e.*, whether it was one which caused willful and malicious injuries. All liabilities resulting therefrom are non-dischargeable. One liability is limited to actual compensation, presumably out of pocket expense, loss of profits,

**330**

and other provable damages. But for this type of conduct, yet another liability may be incurred if the jury under proper instructions sees fit to award it. That is for punitive damages. Both types of liability are within the statute as "liabilities" for "willful or malicious injuries to the person or property of another."

Thus in Thibodeau v. Martin, 140 Me. 179, 35 A.2d 653 (1944), a general verdict for substantial compensatory damages was returned in an action for an assault and battery. The defendant later obtained a discharge in bankruptcy. In a suit on the judgment a recovery was allowed and the discharge held not a bar.

> "Nor was the decision below contrary to law because the jury, in the assault and battery case on which the judgment was based, failed to award exemplary damages. As already pointed out the exception in Section 17(2) of the Bankruptcy Act includes a judgment for assault and battery which is willful and malicious within the accepted meaning of that provision, and it is not confined to acts which would justify exemplary damages." 35 A.2d at 655.

*See also* In re Franks, 49 F.2d 389 (W. D.Pa.1931).

The scope of the statutory exception does not differ materially from the measure of damages for actionable negligence. The injured party is entitled to recover compensatory damages such as a special expense as well as for pain and suffering in most jurisdictions and if the circumstances warrant, punitive damages. All are the result of the same act(s) of negligence.[4]

■ We think it is clear from the record in this trial court that compensatory damages were awarded for willful and malicious acts. Therefore, that

award is not dischargeable in bankruptcy.

Our decision on this question of necessity is also conclusive of the cross appeal of appellees to set aside the order of the referee denying discharge of the judgment for $1,000 for punitive damages. The cross appeal is denied.

The judgment is affirmed in No. 25,620 and reversed in No. 25,614.

---

4. In E. J. Den Haerynck v. Thompson, 228 F.2d 72 (10th Cir. 1955), a judgment for damages for wrongful death resulting from an automobile accident was held non-dischargeable, but the point raised here was not discussed. Presumably the lump sum award included compensatory damages as well as damages for willful and wanton conduct.