### In the Matter of John MARTONAK, Debtor.

### UNITED STATES TRUST COMPANY OF NEW YORK, Plaintiff,

v.

### John MARTONAK, Defendant.

**Bankruptcy No. 86 B 10546.
Adv. No. 86–5464A.**

United States Bankruptcy Court,
S.D. New York.

Nov. 25, 1986.

Martin J. Feely, New York City, for plaintiff.

Alan J. Weiner, New York City, for defendant/debtor.

### DECISION AND ORDER ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT

BURTON R. LIFLAND, Chief Judge.

Introduction

In the instant adversary proceeding, the United States Trust Company ("USTC") seeks to have a state court judgment against John Martonak (the "Debtor" or "Martonak") declared non-dischargeable. In 1984, Martonak, pled guilty to criminal charges that he had embezzled a bond and check from USTC where he worked as a security clerk. USTC subsequently filed a state court civil action against Martonak to recover the cost of investigating his tenure in its employ and won a judgment of $36,-286.41 plus interest. Martonak then filed an individual Chapter 7 petition. USTC initiated an adversary proceeding in this court, seeking to have its judgment declared a nondischargeable debt. The Debtor moved for a summary judgment dismissing USTC's complaint and USTC cross-moved against the Debtor.

## 728

### The Parties' Contentions

USTC argues that the judgment reflects expenses incurred as a result of the Debtor's fraud. 11 U.S.C. § 523(a)(4) and (6) hold debts for fraud and defalcation while acting in a fiduciary capacity, and larceny and embezzlement non-dischargeable. Expenses that arise in the investigation of a non-dischargeable debt, USTC contends, are similarly non-dischargeable.

The Debtor claims that he has been ordered in a related proceeding to make restitution of the debts covered by § 523(a)(4) and (6) and does not seek discharge of these debts. USTC's costs of audit and investigation, the Debtor contends, are distinct from the debt on the fraud and thus constitute "pecuniary loss" or "monetary injury" and are dischargeable.

Both parties agree that no material issues of fact remain to be determined. Having considered the papers and arguments of counsel the court concludes that USTC's judgment of $36,286.41 plus interest is a dischargeable debt and grants the Debtor's motion for summary judgment.

### I.   Factual Background

In 1984 John Martonak pled guilty in *United States of America v. Martonak,* case no. 84 Cr. 026 (GLG), to charges that he deposited a bearer bond belonging to the United States Trust Company in his personal account and caused a check for approximately $250,000 to be forwarded for deposit to his personal bank account. This check was never cashed. Mr. Martonak was ordered to make restitution with respect to the bearer bond and placed on probation for three years. As a condition of probation he was ordered to continue to receive psychiatric care and to cooperate with his employer in the audit and investigation of his tenure as a security clerk at USTC. Mr. Martonak appears to have met and to continue to meet these conditions.

USTC subsequently won the judgment in question in a state court proceeding entitled *United States Trust Company v. Martonak,* for the costs of the audit and investigation following discovery of Mr. Martonak's misdeeds. This investigation, according to USTC, was mandated not only as a prudent business practice, but also by state and federal banking regulations. The state court granted recovery of $36,286.41 and interest for USTC's audit, pre-action discovery and out-of-pocket expenses as damages flowing from the Debtor's breach of the obligations of his employment contract. Although requested, the state court did not grant damages arising out of a breach of fiduciary duty by the Debtor. Transcript of Proceedings, September 18, 1986, p. 8–9.

After Mr. Martonak filed a petition for an individual Chapter 7 bankruptcy, USTC sought this court's declaration that the audit-expense judgment was nondischargeable. The Debtor has moved for summary judgment against USTC in this proceeding. USTC has also cross moved for summary judgment.

### II.   Analysis

**A.   Non-dischargeability as an exception to the general rule under Title 11.**

A basic goal of Title 11 is to provide the debtor with a "fresh start", relieved of the burden of his pre-petition debts. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934), quoting *Williams v. U.S. Fidelity and Guaranty Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713, 715 (1915). Discharge is "the heart of the fresh start provisions of the bankruptcy law." 11 U.S.C. § 727 No. 595, 95th Cong., 1st Sess. 384 (1977); No. 989, 95th Cong., 2d Sess. 98 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5884, 6340.

Non-dischargeability, therefore, is perceived to be a punitive exception to the "fresh start" policy and should be found reluctantly. *In re Huff,* 1 B.R. 354, 357, (Bankr. D. Utah 1979), citing *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed 717 (1915). 11 U.S.C. § 523 provides ten such exceptions to dischargeability, two of which are relied upon by USTC. Under § 523(4) a debtor is not discharged from

any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny". 11 U.S.C. § 523(a)(4). Under § 523(a)(6) a debtor is not discharged from any debt "for wilful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

At issue in these proceedings is the distinction the debtor, Mr. Martonak, would make between the debt occasioned by acts covered by § 523(a)(4) and (6), and the debt occasioned by investigation of those acts (i.e. the distinction between punitive and compensatory damages). §§ 523(a)(4) and (6) do not specifically treat this distinction.

USTC argues that such a distinction cannot be made; that the cost of investigating acts like those performed by Martonak are necessarily and inextricably linked to the debt arising from such acts. Furthermore, these investigatory costs, USTC argues, are not a "cost of doing business", but rather are compelled by USTC's own prudent business practices and governmental regulations. USTC is required by state and federal banking regulations to investigate and make reports to the appropriate regulatory agencies upon acts of fraud and embezzlement. Finally, USTC argues that non-dischargeability is appropriate in cases of debts arising from acts of fraud and wilful and malicious injury. It would be unfair and unjust, USTC claims, to allow a tortfeasor to manipulate the Bankruptcy Code in order to avoid just judgments against him. Non-dischargeability would also serve as a deterrent against such acts.

Mr. Martonak, in response to these arguments, notes that the debts incurred by his fraudulent or malicious acts (i.e. the conversion of the bond and the attempted conversion of the check), the appropriate subject of §§ 523(a)(4) and (6), were ordered paid by restitution and no declaration of dischargeability is sought with respect to the judgment of restitution. The United States Supreme Court, in any event, has recently ruled that such discharge would be legally impossible. *Kelly v. Robinson,* — U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d

216 (1986). Furthermore, Mr. Martonak argues, the debt in question, by the explicit finding of the state court, is a judgment for compensatory damages for the breach of an employment obligation. (The apparent theory of the cause of action is that Mr. Martonak breached his employment contract by not informing his employer of his acts of embezzlement.) Such a judgment, the Debtor claims, is dischargeable. Finally, Martonak points out that another provision of § 523, which provides for the non-dischargeability of government fines, § 523(a)(7), distinguishes between punitive and compensatory damages. This distinction, Martonak argues, should be applied by analogy to the present case.

USTC cites *Coen v. Zick,* 458 F.2d 326 (9th Cir.1972) in support of its argument that punitive and compensatory damages are inextricably linked. In that case, prior to his bankruptcy proceedings, the debtor had lost a state court action for wrongful eviction and a judgment of $1000 in punitive damages, $5,100 in compensatory damages, and $289 in costs was entered against him. The plaintiff in the state court proceedings sought to have this judgment declared non-dischargeable under § 17(a)(2) of the Bankruptcy Act, the precursor to § 523(4) and (6) of the present Bankruptcy Code.

The bankruptcy and district courts held all but the punitive damages dischargeable. The Ninth Circuit, overturning these decisions, found that "both punitive and compensatory damages flow from one and the same course of conduct." 458 F.2d at 329. In *Coen v. Zick,* however, the Ninth Circuit was faced with "one claimed cause of action consisting of a number of different acts and one claim of damages consisting of both compensatory and punitive elements for the same acts." *id.*

Such a procedural posture can be distinguished from one in which the dischargeability of a money judgment is based upon a separate finding with a separate award of damages as to each injury, *e.g. Barbachano v. Allen,* 192 F.2d 836, 840 (9th Cir.1951).

*Coen v. Zick* can also be distinguished from the procedural posture in the present case where two separate judgments, one requiring restitution of the funds taken by fraud, and the second imposing compensatory damages for the breach of an employment contract have been entered. This court, moreover, is reluctant to adopt a *per se* rationale which would find all costs identified with any act of fraud non-dischargeable. A less austere approach which sanctions an evaluation of the proximity of the fraudulent act to the costs ascribed to it is preferrable.

While it may be appropriate in a particular case to find the compensatory as well as the punitive damages non-dischargeable, *see e.g. In re Capparelli*, 33 B.R. 360 (Bankr.S.D.N.Y.1983), there will also be cases like the instant where it is appropriate to distinguish between damages relating to the act of fraud itself, and compensatory damages arising subsequent to that act.

Here, several factors suggest that the debt for USTC's investigation should be found dischargeable. First, as discussed above, non-dischargeability is a heavy sanction which the Bankruptcy Code does not often or easily impose, *see, e.g., In re Huff, supra.* This sanction is an exception to the general policy of a "fresh start" for debtors under Title 11. Furthermore, in the present case, the debtor has already suffered punitive sanctions for the fraud he has committed. He was found guilty of the act of embezzlement by a federal court, ordered to make restitution for that act, and sentenced to probation (conditioned upon continuing psychiatric treatment and helping USTC to investigate his tenure as a security clerk). The Debtor, as noted above, does not contest the non-dischargeability of the order of restitution. *See* p. 729, *supra.*

Second, the state court judgment awarding a judgment in favor of USTC ordered damages arising out of the Debtor's breach of his contractual obligations. *See,* Decision of Court After Inquest, United States Trust Company of New York v. Martonak,

p. 4. A breach of contract does not constitute a ground of nondischargeability. *Matter of Schwaninger*, 57 B.R. 553, 556 (Bankr.W.D.Mo.1986). The state court did not find that the damages arose out of the Debtor's fraudulent acts. A cause of action alleging that USTC's costs arose out of fraudulent acts was withdrawn before the state court ruled. Such a finding if made might have justified the fusing of the fraud and all damages flowing from it, but such a finding was not made here.

III. Conclusion

The court hereby grants the Debtor's motion for summary judgment against USTC's adversary proceeding. The judgment won by USTC in state court for compensatory damages arising out of the Debtor's breach of his employment contract is dischargeable. Accordingly, USTC's cross motion for summary judgment is denied.

It is SO ORDERED.