In re William Adam MALINOWSKI, Jr., Debtor.

Baltimore County Savings Bank, Plaintiff,

v.

William Adam Malinowski, Jr., Defendant.

Bankruptcy No. 99–5–2416–JS.
Adversary No. 99–5487–JS.

United States Bankruptcy Court, D. Maryland.

May 30, 2000.

Richard M. Kremen, Baltimore, MD, Chapter 7 Trustee.

---

### MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT TO PLAINTIFF AND DETERMINING DEBT TO BE NONDISCHARGE-ABLE

JAMES F. SCHNEIDER, Bankruptcy Judge.

The issue raised on summary judgment in the instant complaint to determine non-dischargeability of debt for willful and malicious injury is not whether the debtor's conduct in torching his own automobile in which the plaintiff held a security interest was willful and malicious. Rather, it is whether such willful and malicious conduct was satisfactorily proven at an earlier trial in a State court so as to bar relitigation of the issue in the present context. For the reasons stated, the complaint will be granted on summary judgment and the debt will be determined to be nondischargeable.

### FINDINGS OF FACT

The debtor, William Adam Malinowski, Jr., owned a 1990 Chevrolet Corvette automobile that he reported stolen to the Baltimore County Police Department and a Security Square Mall security officer on October 26, 1996. That day, the vehicle was found burning at a location in Howard County, Maryland. The following day, Mr. Malinowski reported the theft to Progressive Northern Insurance Company ("Progressive"), the company that insured the automobile.

Baltimore County Savings Bank (the "Bank") was the holder of a perfected security interest in the vehicle that was assigned to it before the vehicle was burned. After the vehicle was destroyed, Mr. Malinowski stopped making car payments to the Bank.

The investigators who examined the vehicle determined that it had not been broken into, the tires and stereo had not been removed, the lock on the steering column had not been disturbed, the ignition lock assembly was not damaged and that Mr. Malinowski's key was the last key in the ignition. This led to the conclusion that the vehicle had been driven to the Howard County location by the owner using his key.

The Bank filed suit against Mr. Malinowski to recover the balance due under the financing agreement. Mr. Malinowski filed a third-party complaint against Progressive to require the insurance company to pay the Bank. On January 19, 1999, a trial on the merits was held in the District Court of Maryland for Anne Arundel County [Wilcox, J.]. Mr. Malinowski did not dispute the Bank's claim that it was entitled to a judgment in its favor for the

balance due and owing under the contract. However, on the debtor's third-party complaint, the court ruled in favor of the insurer, finding that the vehicle had been intentionally and deliberately burned, that Mr. Malinowski was the only person who had access to the vehicle, and that he and not Progressive was liable to the Bank. No appeal was taken.

On February 24, 1999, when Mr. Malinowski filed a voluntary Chapter 7 bankruptcy petition in this Court. On May 21, 1999, the Bank filed the instant adversary proceeding to have its judgment against Mr. Malinowski declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## CONCLUSIONS OF LAW

Section 523(a) of the Bankruptcy Code provides exceptions to the general rule for the dischargeability of the debts of a debtor. Section 523(a)(6) states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6) For willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■ The debtor's willful and malicious conduct may be proven by a mere preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–287, 111 S.Ct. 654, 659–660, 112 L.Ed.2d 755, 766–767 (1991) ("Requiring the creditor to establish by a preponderance of the evidence that his claim is not dischargeable reflects a fair balance between these conflicting interests."). *Cf. Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988) ("[T]he policies of the Bankruptcy Code are best effectuated by requiring that creditors prove by a preponderance of the evidence the willfulness and maliciousness of the debtors' acts under § 523(a)(6) . . .").

■ The doctrine of collateral estoppel, also referred to as issue preclusion, prohibits the relitigation of an issue that has previously been decided if the party against whom the decision is asserted had "a full and fair opportunity" to litigate the issue in the earlier case. *State Farm Fire & Casualty Co. v. Dunn (In re Dunn),* 95 B.R. 414, 416 (1988) (*citing Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308, 313 (1980)).

■ Collateral estoppel is applicable to dischargeability proceedings. *Grogan,* 498 U.S. at 284–285, n. 11, 111 S.Ct. at 658, n. 11, 112 L.Ed.2d 755, 763 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). *See also Combs,* 838 F.2d at 115 (4th Cir.1988) (*quoting Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981)) ("The determination whether or not a certain debt is dischargeable is a legal conclusion based upon the facts in the case. The bankruptcy court has exclusive jurisdiction to make that legal conclusion."); *In re Piercy,* 140 B.R. 108, 113 (Bankr.D.Md.1992) (the doctrine of collateral estoppel applies to dischargeability claims where there is a final judgment from a State court proceeding); *Health and Welfare Plan for Employees of Southern Maryland Electric Cooperative, Inc. v. Eagleston (In re Eagleston),* 236 B.R. 183, 187 (Bankr.D.Md.1999) (*quoting Combs,* 838 F.2d at 114) ("The application of collateral estoppel is appropriate only 'if the examination of the record of the earlier proceeding satisfied the bankruptcy court that the issue was raised and litigated and that the resolution of the issue was necessary to the verdict in the prior case.'").

■ In determining the preclusive effect of a State court judgment, a Federal court must apply the law of the State that rendered the judgment, as a matter of full faith and credit. *Meindl v. Genesys Pacific Technologies, Inc. (In re Genesys Data Technologies, Inc.),* 204 F.3d 124, 127 (4th Cir.2000) (dealing with *res judicata* but applicable here on the issue of full faith and credit); *Hagan v. McNallen (In re McNallen),* 62 F.3d 619, 624 (4th Cir.1995). *See Kremer v. Chemical Constr. Corp.,* 456

U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. at 96, 101 S.Ct. at 415, 66 L.Ed.2d 308, 314 (1980) (all Federal courts are to give preclusive effect to State court judgments whenever the courts of the State from which the judgments emerged would do so.). *See also* 28 U.S.C. § 1738 (1976) ("[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . .").

■ In order to invoke collateral estoppel, a party must establish four elements: (1) the issue decided in the prior adjudication was identical to the one presented in the action in question; (2) there was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted was given a fair opportunity to be heard on the issue. *Prande v. Bell*, 105 Md.App. 636, 647, 660 A.2d 1055, 1060–1061 (1995); *Leeds Federal Savings & Loan Ass'n v. Metcalf*, 332 Md. 107, 117–118, 630 A.2d 245, 250 (1993) (*quoting Washington Suburban Sanitary Comm'n v. TKU Assoc.*, 281 Md. 1, 18–19, 376 A.2d 505, 514 (1977)).

■ The doctrine of collateral estoppel applies in the instant case. The State court found by a preponderance of the evidence that Mr. Malinowski had access to the vehicle and to the vehicle's only key, and that he deliberately set fire to the vehicle. Record at 389, *Baltimore County Savings Bank v. Malinowski* (No. CV–12903–97). The trial court held Mr. Malinowski liable for compensatory damages. Therefore, the first element of collateral estoppel has been satisfied because the State court decided that the defendant/debtor caused willful and malicious injury to the plaintiff.

The debtor argued that the State court judgment did not satisfy the requirements of collateral estoppel because the earlier trial was based upon a claim for breach of contract, not one sounding in tort for fraud or fraudulent acts, and that there was no showing of fraud or fraudulent activity at the State court proceeding. However, fraud is not a necessary element of proof in an action brought under Section 523(a)(6). The cause of action is premised upon willful and malicious injury caused by the debtor.

Strictly speaking, the issue in the State court proceeding went beyond the question of whether Mr. Malinowski breached the contract with the Bank, which he did not dispute. The crux of the suit was the liability of the insurer to the Bank under its policy with Mr. Malinowski. In order to decide that issue, it was necessary for the court to determine whether the loss of the vehicle was deliberate and, if so, whether Mr. Malinowski was the cause of its destruction. Prior to evidence being heard, Judge Wilcox stated, "Denial of the insurance claim evidently is predicated on some intentional act." Record at 13. Therefore, the suit was not strictly based upon a breach of contract claim.

■ Section 523(a)(6) relates to tortious conduct and not to mere breaches of contract. *Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137, 171–72 (Bankr.D.Md. 1999); *America First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174, 184 (Bankr.D.Utah 1999); *Itule v. Metlease, Inc. (In re Itule)*, 114 B.R. 206, 211, n. 5 (9th Cir. BAP 1990); *Cadillac Vending Co. v. Haynes (In re Haynes)*, 19 B.R. 849 (Bankr.E.D.Mich.1982) (a debt arising out of a mere breach of contract absent any showing that the purpose of the breach was to cause injury is not a nondischargeable debt within the meaning of § 523(a)(6)); *Barbachano v. Allen*, 192 F.2d 836 (9th Cir.1951). Proof of fraud is not necessary under § 523(a)(6). Because § 523(a)(6) only requires a showing of willful and malicious injury, which was proven by a preponderance of the evidence, the

doctrine of collateral estoppel prevents the relitigation of this matter.

The second element has also been satisfied. The State court proceeding reached a final judgment on the merits. A final judgment is a "judgment ... from which an appeal, application for leave to appeal, or petition for certiorari may be taken." Md. Cts. & Jud. Pro. § 12–101(f). On January 19, 1997, Mr. Malinowski had thirty (30) days from the date of entry of the judgment or order from which to file an application for leave to appeal, Md. Rule 8–204(b)(1), which he did not do. Therefore, the judgment entered in favor of the Bank on January 19, 1999, became final and nonappealable.

Mr. Malinowski was both a party to the State court proceeding and an active participant in the trial as both witness and interrogator. He was not only afforded a fair opportunity to be heard, but was also able to present a full defense. As a result, the third and fourth elements of collateral estoppel are also satisfied.

■■■ The State court found the burning of the Corvette to have been deliberate, that Mr. Malinowski was involved in its destruction, and that the destruction caused injury to the Bank as a result of the loss of the collateral under the financing contract. In order for a debt to be determined nondischargeable under § 523(a)(6), the debt must be incurred as a result of "willful and malicious injury." In the context of § 523(a)(6), the word willful means that "a defendant's actions were deliberate or intentional." *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475, 479 (Bankr.D.Md.1996), *aff'd* 113 F.3d 1231 (*citing Allen*, 449 U.S. at 94–95, 101 S.Ct. at 414–15, 66 L.Ed.2d 308, 313 (1980)). Malice requires that the debtor acted "wrongfully and without just cause," *In re McNallen*, 62 F.3d at 626; *In re Bernstein*, 197 B.R. at 479. The trial judge's finding against Mr. Malinowski and in favor of the Bank and Progressive necessarily determined that his actions were willful and malicious.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper where "the proceedings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). On summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552–53 (1986). However, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id.* at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–12 (1986). *See also, Motor Club of America Ins. Co. v. Hanifi*, 145 F.3d 170, 174 (4th Cir.1998). In addition, this Court is bound by factual determinations made in prior actions where collateral estoppel applies. *In re Bernstein*, 197 B.R. at 478.

Based upon the foregoing reasons, the plaintiff will be granted summary judgment on the instant complaint and the debt owed to it by the debtor in the amount of $14,109.41, plus pre-judgment interest, attorney's fees and costs, plus post-judgment interest at the legal rate will be determined to be nondischargeable.

ORDER ACCORDINGLY.