**In re Harry Dale SMITH, Debtor,**

**Bertha T. SHELTON, Plaintiff,**

**v.**

**Harry Dale SMITH, Defendant.**

**Bankruptcy No. 383–01568.**
**Adv. No. 383–0498.**

United States Bankruptcy Court,
M.D. Tennessee.

March 6, 1984.

---

**7.** The debtor makes no allegation in this proceeding that there are unpresented issues of fact or law which preclude application of collateral estoppel. There is no contention that the burden of persuasion is so different, that the quality of the proceedings are so in contrast or that an adverse impact on matters of public interest is present to avoid invocation of the doctrine. *See* 1B J. MOORE, J. LUCAS, & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ .441 *et seq.* (3d ed. 1983); RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982).

Steve W. Pate, Barrett & Redick, Nashville, Tenn., for plaintiff.

Steven Lefkovitz, Nashville, Tenn., for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether a state court jury verdict and judgment against the debtor for assault and battery has collateral estoppel effect in this nondischargeability proceeding under 11 U.S.C.A. § 523(a)(6) (West 1979). After review of the entire state court record, as mandated in this circuit by *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981), the court finds that the state court judgment resolves all issues of material fact and summary judgment should be entered in favor of the plaintiff.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

On July 4, 1981, the plaintiff's ("Shelton") backyard respite was interrupted by fireworks exploding over or near her property. She went to investigate and became embrangled with her neighbor, the defendant, Harry Dale Smith ("Smith"). Shelton was ultimately knocked down and injured. On October 13, 1981, Shelton sued Smith in state court alleging that Smith struck her *maliciously, willfully,* and *deliberately,* constituting an assault and battery. The complaint demanded compensatory and punitive damages. A jury trial before the Honorable Joe C. Loser, Judge of the Third Circuit Court for Davidson County, Tennessee resulted in a jury verdict for Shelton and an award of $3,000 compensatory damages and $5,000 punitive damages. Judgment was entered May 9, 1983 and Smith did not appeal.

On June 27, 1983, Smith filed a voluntary Chapter 7 petition. Shelton was scheduled as an unsecured creditor in the amount of the judgment. On August 9, 1983, Shelton filed a complaint objecting to the dischargeability of the debt pursuant to 11 U.S.C.A. § 523(a)(6) (West 1979). The proceeding was tried on cross-motions for summary judgment filed February 1, 1984.

Viewing the evidence in a light most favorable to the party opposing the motion, *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979), summary judgment is appropri-

ate only if the court finds no genuine issue of material fact. *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1976). To determine whether there are unresolved issues of material fact in this proceeding, the court must consider the collateral estoppel effect of the plaintiff's state-court judgment.

■ Under the doctrine of collateral estoppel, estoppel by judgment, or issue preclusion, a judgment on the merits in a prior lawsuit precludes relitigation of issues actually litigated and necessary to the outcome of the first action in a later suit between the same parties though the later suit involves a different cause of action. *Parklane Hoisery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1877). *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). The United States Supreme Court has approved the application of collateral estoppel to preclude relitigation of fact questions in dischargeability proceedings in bankruptcy courts:

> If in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of § 17 [now § 523] then collateral estoppel, in the absence of counterveiling statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown v. Felsen,* 442 U.S. 127, 129, 139 n. 10, 99 S.Ct. 2205, 2208, 2213 n. 10, 60 L.Ed.2d 767 (1979). In this circuit, *Spilman v. Harley* discusses in some detail the use of collateral estoppel in dischargeability proceedings:

> The determination whether or not a certain debt is dischargeable is a legal conclusion based upon the facts in the case. The bankruptcy court has the exclusive jurisdiction to make that legal conclusion. It must apply the statute to the facts and decide to discharge or not.

Therefore, *res judicata* does not apply to prevent litigation of every issue which might have been covered in the state court proceeding on the debt. However, that Congress intended the bankruptcy court to determine the final result—dischargeability or not—does not require the bankruptcy court to redetermine all the underlying facts. ... [W]here the factual issues necessary for dischargeability determination were also necessary to the state court determination, the parties would not have to anticipate the bankruptcy proceedings and the state courts would not be determining issues irrelevant to the state proceedings. Collateral estoppel is applied to encourage the parties to present their best arguments on the issues in question on the first instance and thereby save judicial time. There is no reason to suppose that parties will not vigorously present their case on issues necessary to the state court proceeding or that the bankruptcy court will be any more fair or accurate in the state in the determination of the facts. Thus, there is no reason to allow relitigation of facts previously litigated which were necessary to the outcome of that prior litigation. This Court holds that where all the requirements of collateral estoppel are met, collateral estoppel should preclude litigation of factual issues.

656 F.2d at 227–228.[1]

■ Three elements must be present for the prior judgment to have collateral estoppel effect: (1) the precise issue sought to be precluded was raised in the prior proceeding; (2) the issue was actually litigated; and (3) the determination of the issue in the prior action was necessary and essential to the judgment. *Spilman v. Harley,* 656 F.2d at 227; *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 244 (5th Cir. 1983); *Smith v. Pitner,* 696 F.2d 447, 449

---

1. Some courts have refused to apply collateral estoppel to dischargeability cases arguing that accepting the state court judgment interferes with the exclusive jurisdiction of the bankruptcy court to determine dischargeability issues. *See, e.g., Gregg v. Rahm,* 641 F.2d 755 (9th Cir.1981); *Houtman v. Mann,* 568 F.2d 651, 653 (9th Cir. 1978). This view, however, appears inconsistent with the Supreme Court's decision in *Brown v. Felsen* and is certainly not the law in this circuit. *See Spilman v. Harley,* 656 F.2d at 227–228.

(6th Cir.1982); *Merrill v. Walter E. Heller & Co.*, 594 F.2d 1064, 1067 (5th Cir.1979).[2] The bankruptcy court should examine the entire record of the first proceeding to determine whether collateral estoppel is available. *Spilman v. Harley*, 656 F.2d at 228. The party asserting the estoppel has the burden of proving the prerequisites. *Spilman v. Harley*, 656 F.2d at 229; *Merrill v. Walter E. Heller & Co.*, 594 F.2d at 1067.

■ The state court record establishes that this is an appropriate proceeding for application of collateral estoppel.[3] 11 U.S.C.A. § 523(a)(6) (West 1979) provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

To be nondischargeable under § 523(a)(6), plaintiff's claim must result from action by the debtor which was deliberate or intentional, and in knowing disregard of the rights of the injured party. *Everwed Co. v. Ayers*, 25 B.R. 762, 776 (Bkrtcy.M.D. Tenn.1982); *Farmers Bank v. McCloud*, 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980). *See also Kuchinsky v. Trudeau*, 35 B.R. 185, 187 (Bkrtcy.D.Mass.1983).

■ The issues framed by the plaintiff's state court complaint included claims that the debtor willfully, maliciously and deliberately injured the plaintiff. The state court jury was carefully instructed to consider elements of an offense identical to those necessary to support a dischargeability complaint under § 523(a)(6). The jury was instructed that to find liability, Smith's actions must have been *intentional and willful:*

> The allegation of the plaintiff is that she was injured as a result of an assault and battery committed by the defendant. Assault and battery is the unprivileged, touching or striking of another done with the intent to injure. A defendant is subject to liability of another if he acts intending to cause a harmful or offensive contact with the person of the other, and if the harmful contact with the person of the other directly or indirectly results. The word intent denotes that the actor desires to cause the consequences of his act or that he believes that the consequences are substantially certain to result from it. Before the plaintiff can recover in any amount she must carry the burden of proof that the defendant committed an assault and battery upon her, that such assault and battery was the proximate cause of her injuries and the nature and extent of her injuries.

(Trial transcript, p. 205–206.) The award of compensatory damages can only be interpreted as evidence that the jury considered the judge's charge and awarded damages for *intentional* injury inflicted by the debtor.

The "malicious" component was also explicitly considered. The state court judge instructed the jury that punitive damages could be awarded only if Smith's actions

---

**2.** Other courts have applied a four-part test, including as the additional element that the issue·be determined by a valid and final verdict. *See, e.g., In re Ross*, 602 F.2d 604, 608 (3d Cir.1979). This fourth element is not specifically catalogued by the Sixth Circuit in *Spilman v. Harley*, but it is clearly satisfied in the instant case.

**3.** There is no claim in this proceeding that there has been any change in the facts, law or other circumstances of these parties since the state court judgment sufficient to preclude application of collateral estoppel. There is no contention that the burden of pursuasion is so differ-

ent, that the quality of the proceedings are so in contrast or that an adverse impact on matters of public interest is present to avoid invocation of the doctrine. *See* 1B J. MOORE, J. LUCAS & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶.441 *et seq.* (3d ed. 1983). RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982). Because the parties in this proceeding are the same or in privity with those before the state court, we need not address any vestige of the mutuality problem which may still plague application of collateral estoppel. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. at 331, 99 S.Ct. at 651–52; *Spilman v. Harley*, 656 F.2d at 228.

were *malicious* and warranted punishment or deterrence:

> Under certain circumstances the law permits the jury in its discretion to award an injured person punitive or exemplory (sic) damages in order to punish the guilty person and deter that person from committing like offense in the future and to serve as a warning to others not to engage in such conduct. If you should find from a preponderance of the evidence that the defendant acted *willfully and maliciously* under circumstances of rudeness or oppression or in a manner which shows wanton or reckless disregard for the plaintiff's rights then you may award the plaintiff such punitive damages as you deem appropriate.

(Trial transcript, p. 207.) (emphasis added). The jury awarded punitive damages in excess of the compensatory damages. Based on the above instruction, the jury had to have found that the debtor acted "willfully and maliciously under circumstances of rudeness or oppression" or that the debtor acted with "wanton or reckless disregard for the plaintiff's rights." Having first found the debtor's actions to be willful, either additional finding by the jury in the prior action would collaterally estop the debtor from relitigating the "maliciousness" element of this § 523(a)(6) action.[1]

The transcript of evidence presented in the state court supports application of collateral estoppel. Shelton testified at length concerning Smith's demeanor, verbal herangue and subsequent assault and battery. Shelton's version was corroborated by the testimony of other witnesses [trial transcript, pp. 87–100] and by the introduction of medical evidence. Although Smith denied the plaintiff's version of the incident, the jury found Shelton's case more convincing and persuasive. Smith was represented by counsel and had a full and fair opportunity to present evidence and cross-examine opposing witnesses.

Smith's conduct was thus fully litigated in the state court trial. Findings of willfullness and maliciousness were necessary and essential to the judgment awarded, and the issues resolved by the jury are identical to those in the instant dischargeability proceeding. Smith has asserted in this court no material issue which was not completely resolved in the state court trial. The debtor is collaterally estopped to relitigate the factual issues in this § 523(a)(6) proceeding.

Accordingly, the court finds that summary judgment should be entered in favor of the plaintiff and the debt is determined to be NONDISCHARGEABLE.

---

**4.** Although the definition of "willful" for dischargeability purposes was substantially affected by the enactment of § 523(a)(6) in 1978, the common-law standard for finding maliciousness discussed in *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), was not altered by the enactment of the Code. *Farmers Bank v. McCloud*, 7 B.R. at 824–825. The punitive damages instruction given by the state court tracts the common-law notion of "malicious" addressed by the Supreme Court in *Tinker*. The United States Court of Appeals for the Sixth Circuit has noted that "[i]t has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious injuries." (citations omitted). *Smith v. Pitner*, 696 F.2d at 449.