**In re James Leon BERRY, Debtor,**

**Romie VETTERS, Jr., Plaintiff,**

**v.**

**James Leon BERRY, Defendant.**

**Bankruptcy No. 383–01100.
Adv. No. 383–0311.**

United States Bankruptcy Court,
M.D. Tennessee.

March 9, 1984.

Deborah Swettenam, Brown & Wilson, Dickson, Tenn., for plaintiff.

Robert Orr, Jr., Davies, Cantrell, Humphreys & McCoy, Nashville, Tenn., for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether a federal court jury verdict and judgment against the debtor for violation of the plaintiff's constitutional rights has collateral estoppel effect in this dischargeability proceeding pursuant to 11 U.S.C.A. § 523(a)(6) (West 1979). After review of the entire federal court record, as mandated in this circuit by *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981), the court finds that the federal court judg-

ment resolves all issues of material fact and that summary judgment should be entered in favor of the plaintiff.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

The plaintiff, Romie Vetters, Jr., ("Vetters"), filed a complaint in United States District Court for the Middle District of Tennessee on October 15, 1974 alleging that the defendant, James Leon Berry ("Berry"), in his capacity as deputy sheriff committed intentional violations of Vetters' constitutional rights actionable under 42 U.S.C. § 1983. Vetters alleged that Berry "maliciously and without any provocation and certainly without any reasonable provocation cruelly and wantonly, beastially, wrongfully and unlawfully assaulted and beat the plaintiff, Vetters, striking him many times with [his] fists, clubs, feet, knocking him to the ground and stomping him, cutting gashes in his head and causing him to bleed profusely, and they *wrongfully, maliciously, cruelly, and wantonly beat* him." (emphasis added). Berry denied that he injured Vetters without reasonable cause, and denied committing any willful or intentional act. The complaint demanded compensatory and punitive damages.

A jury trial conducted before the Honorable L. Clure Morton, Chief Judge of United States District Court for the Middle District of Tennessee on March 24, 25 and 29, 1976 resulted in an award of $520 compensatory damages and punitive damages of $25,000. The judgment was affirmed by the United States Court of Appeals for the Sixth Circuit. *Vetters v. Berry*, 575 F.2d 90 (6th Cir.1978).

On April 28, 1983, Berry filed a voluntary Chapter 7 petition. Vetters was scheduled as an unsecured claimant in the amount of $35,446.12.[1] On May 17, 1983, Vetters filed a complaint objecting to the dischargeability of the debt pursuant to 11 U.S.C.A. § 523(a)(6) (West 1979). The matter is before the court on Vetters' motion

---

1. This amount is the original judgment plus post-judgment interest awarded by the district court as adjusted for payments received through garnishment.

for summary judgment filed October 24, 1983.

Viewing the evidence in a light most favorable to the party opposing the motion, *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979), summary judgment is appropriate only if the court finds no genuine issue of material fact. *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1975). To determine whether there are unresolved issues of material fact in this proceeding, the court must consider the collateral estoppel effect of the plaintiff's federal court judgment.

■ This court recently reviewed the requirements for application of collateral estoppel in *Shelton v. Smith,* 37 B.R. 996 (Bkrtcy.M.D.Tenn.1984). Under the doctrine of collateral estoppel, a judgment on the merits in a prior lawsuit precludes relitigation of issues actually litigated and necessary to the outcome of the first action between the same parties though the later suit involves a different cause of action. *Shelton v. Smith,* at 997. The United States Court of Appeals for the Sixth Circuit has indicated that after reviewing the entire record of the first proceeding, the bankruptcy court must be satisfied that three elements are present before invoking the doctrine: (1) the precise issue sought to be precluded was raised in the prior proceeding; (2) the issue was actually litigated; and (3) the determination of the issue in the prior action was necessary and essential to the judgment. *Spilman v. Harley,* 656 F.2d at 227.

■ The federal court record establishes that collateral estoppel may be appropriately applied. 11 U.S.C.A. § 523(a)(6) (West 1979) provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not

discharge an individual debtor from any debt—

＊　　＊　　＊　　＊　　＊　　＊

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

To be nondischargeable, the plaintiff's claim must result from an act by the debtor which was deliberate or intentional, and in knowing disregard of the rights of the injured party. *Everwed Co. v. Ayers,* 25 B.R. 762, 776 (Bkrtcy.M.D.Tenn.1982); *Farmers Bank v. McCloud,* 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980).

■ The issues and facts alleged by the plaintiff's federal court complaint included claims that the debtor wrongfully, maliciously, and wantonly injured the plaintiff.

The jury instructions indicates that the jury considered the elements necessary to a finding of both "willfulness" and "maliciousness."[2] Judge Morton instructed the jury that to find liability the jury must conclude that the defendant *knowingly* acted outside the scope of his lawful authority:

Before the jury can determine then whether or not the plaintiff was deprived by the defendants of any of his Federal Constitutional rights without due process, the jury must first determine, from a preponderance of the evidence in the case, whether the defendants—a *defendant knowingly did the acts alleged,* and, if so, whether, under the circumstances shown by the evidence in the case, the defendant acted within or without the bounds of his lawful authority under State law.

(Trial transcript, p. 386–387.) (emphasis added). Judge Morton also instructed the jury that punitive damages could be awarded only if the jury found Berry's acts *malicious, wanton or oppressive:*[3]

2. The United States Court of Appeals for the Sixth Circuit reviewed Judge Morton's instructions and commented that:

An analysis of the Court's instructions to the jury reveals a detailed and fair explanation of the law to assist the jury in its deliberations. This conclusion is substantiated by the fact that trial counsel for the plaintiff and trial

counsel for each of the defendants took no exception to any part of the Court's charge. *Vetters v. Berry,* 575 F.2d at 95.

3. The punitive damages instruction is consistent with the common law concept of "malicious" discussed by the United States Supreme Court in *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48

Now, then, if you find for the plaintiff and award him against a defendant compensatory damages, you must then decide whether it appears from a preponderance of the evidence in the case that the acts and conduct of a defendant towards the plaintiff at the time and place were *malicious, wanton or oppressively done,* and if you find they were maliciously, wantonly or oppressively done, then you may, if you so desire, go further and determine an amount of damages which are punitive in nature, which would be added to the compensatory damages as a punishment.

(Trial transcript, p. 394.) (emphasis added). The court continued:

However, if you think of the action of a defendant was so oppressive and wanton and willful, then you may, in your judgment, determine—award such amount as you think would punish that defendant and would operate as an example to others to prevent such future actions on the part of any police officer.

(Trial transcript, p. 395.) Having first found the debtor's actions to be knowingly committed, the additional finding of either "maliciousness," "wantonness," or "oppressiveness". would collaterally estop the debtor from relitigating the "malicious-

ness" element of this § 523(a)(6) action. The award of punitive damages fifty times the allowance of compensatory damages establishes the jury's determination that Berry's conduct was malicious, wanton, and oppressive to a substantial degree. Collateral estoppel precludes relitigation of these matters.

The trial transcript supports the finding that "willfulness" and "maliciousness" were actually litigated in the District Court. Vetters stated in his complaint that he had been deliberately kicked and beaten by Berry and so testified at trial. (Trial transcript, p. 37–39.) The photographs introduced as Exhibits 6, 7, and 8 reveal gruesome injuries to Vetters. Although there were denials and defenses proffered, the jury found Vetters' testimony more credible.[1] Berry was represented by counsel and had a full and fair opportunity to present any issues or evidence and cross-examine adverse witnesses.

Berry last argues that the *size* of the punitive damage award was not litigated in the district court and, therefore, the amount of the award constitutes a material fact preventing summary judgment and requiring adjudication in this proceeding. The issue of damages was fully litigated and decided by the trial court jury.[5] An

L.Ed. 754 (1904). The United States Court of Appeals for the Sixth Circuit has noted that "[i]t has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious injures." (citations omitted). *Smith v. Pitner,* 696 F.2d 447, 449 (6th Cir.1982).

**4.** The United States Court of Appeals for the Sixth Circuit reviewed the testimony and evidence on appeal and noted that:

The transcript of the testimony of the witnesses for both sides of the lawsuit discloses an abundance of conflicting evidence, and any such conflicts in the evidence are to be resolved by the trier of facts ... The version of the facts obviously accepted by the jury in returning a verdict of liability as to each defendant is amply supported by substantial evidence.

*Vetters v. Berry,* 575 F.2d at 95.

**5.** Berry asserts that punitive damages were unjustified in light of the testimony and that evidence of Berry's income, personal assets and

general financial condition was not considered in making the determination. Berry notes that "in Tennessee the rule is that the financial condition of the defendant ... is relevant because what would be "smart money" to a poor man would not be, and would not serve as a deterrent, to a rich man." *Suzore v. Rutherford,* 35 Tenn.App. 678, 251 S.W.2d 129, 131 (1952). This court agrees that the deterrent effect of punitive damages is affected by the particular defendant's income and circumstances and is, therefore, *relevant.* The jury was cognizant of Berry's position as a deputy sheriff. Financial condition of the defendant is only one of many factors that Tennessee courts indicate are to be considered by a jury to determine the amount of punitive damages—including the nature of the case, the nature and character of the act, the malice and wantonness of the act, the motive for the act, the manner in which the act was committed, the injury intended or likely to result, the character and the extent of the injury, and the character of the defendant. *Suzore v. Rutherford,* 251 S.W.2d at 131. It is clear from the court record and jury instructions that all of

attack on the amount of damages was rebutted on appeal by the court of appeals.[6] The debtor is attempting to "end-run" an unsuccessful appeal by seeking reconsideration of the damage award in the bankruptcy court.

The debtor's conduct was, therefore, fully litigated in the federal court. Findings of willfulness and maliciousness were necessary and the issues resolved by the jury are identical to those in the dischargeability proceeding. Berry has alleged no other material issue which was not satisfactorily resolved in the federal court.[7] The debtor is collaterally estopped to relitigate the factual issues in the bankruptcy court.

Accordingly, the court finds that summary judgment should be entered in favor of the plaintiff and the debt is determined to be NON–DISCHARGEABLE.

---

these factors were presented to and considered by the jury in arriving at their judgment. It appears that the $25,000 award constitutes a substantial and meaningful amount to Berry and, therefore, the deterrent value cannot be questioned.

6. This issue was raised on appeal and the United States Court of Appeals for the Sixth Circuit observed that:

The jury here returned verdicts for compensatory and punitive damages after having been instructed by the trial judge in detailed and easily understandable language as to the type of proof necessary (guidelines) for the jury to consider in determining whether or not damages should be awarded to the plaintiff against defendant(s). The jury had listened to substantial evidence of the elements necessary to award both types of damages. Under these circumstances this Court will not invade the particular province of the jury in evaluating the value of plaintiff's civil rights.

*Vetters v. Berry,* 575 F.2d at 97.

7. The debtor makes no allegation in this proceeding that there are unpresented issues of fact or law which preclude application of collateral estoppel. There is no contention that the burden of persuasion is so different, that the quality of the proceedings are so in contrast or that an adverse impact on matters of public interest is present to avoid invocation of the doctrine. *See* 1B J. MOORE, J. LUCAS, & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ .441 *et seq.* (3d ed. 1983); RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982).