**In re Albert H. CALDWELL, Debtor.**

**James E. HARDIN, James C. Hardin and Ralph Majors, Plaintiffs,**

**v.**

**Albert H. CALDWELL, Defendant.**

Bankruptcy No. 3–85–01637.

Adv. No. 3–85–1290.

United States Bankruptcy Court, E.D. Tennessee.

April 17, 1986.

Herbert S. Moncier, Knoxville, Tenn., for plaintiffs.

James C. Shastid, Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

In this adversary proceeding plaintiffs allege the nondischargeability of a judgment entered in their favor in the Circuit Court for Knox County, Tennessee, in the amount of $40,000.00. Civil Action No. 3–774–79, styled *James E. Hardin, James C. Hardin and Ralph Majors v. Albert Caldwell, et al.* Asserting that the state court jury verdict and judgment against the defendant-debtor for malicious prosecution, false arrest, and imprisonment have collateral estoppel effect and that the state court

judgment resolves all issues of material fact, plaintiffs move for summary judgment. Bankruptcy Rule 7056, Fed.R.Civ.P. 56. Submitted in support of their motion are the affidavit of Herbert S. Moncier, attorney for the plaintiffs, the transcript of evidence from the civil action, the trial court's jury charge, the state court judgment, and the opinion by the Tennessee Court of Appeals on direct appeal of the jury verdict.

Defendant has filed no counter-affidavit or other document in opposition to plaintiffs' motion for summary judgment.

In their complaint to determine dischargeability plaintiffs allege:

4.[1] On or about December 28, 1978, Defendant, an assistant chief of police for the City of Knoxville, caused Plaintiffs to be subjected to false arrest, false imprisonment and malicious prosecution arising out of an incident on December 24, 1978, involving Plaintiffs and Defendant's son, wherein Defendant's son stole property belonging to one of the Plaintiffs and later assaulted Plaintiff Ralph Majors with a stolen sawed-off shotgun and a loaded double barrel derringer.

5. Defendant knew Plaintiffs were guilty of no criminal acts stemming from the December 24, 1978 incident, and Defendant had no probable cause to believe the same. Criminal warrants charging Plaintiffs with the offenses of assault and battery were maliciously instituted by Defendant for purposes other than bringing individuals believed to have violated the law before a court of justice. Defendant instituted the criminal warrants against the recommendation of a Knox County General Sessions Court Judge, and Defendant personally directed the arrest and jailing of Plaintiffs utilizing his position as Assistant Chief of Police with the City of Knoxville and knowing that his son had been criminally charged in this incident and was the subject of further accusations and investigations regarding a stolen shotgun.

6. Plaintiffs were falsely arrested, booked, fingerprinted and held in jail until able to make bond.

7. A preliminary hearing was held on the criminal warrants on January 26, 1979, at which time all charges were dismissed as to all Plaintiffs.

8. In a civil action instituted by Plaintiffs against Defendant in the Circuit Court for Knox County, Tennessee, No. 3–774–79, the jury awarded Plaintiffs compensatory and punitive damages against Defendant on Plaintiffs' claims for false arrest, false imprisonment and malicious prosecution. The award of damages against Defendant as modified by the Tennessee Court of Appeals, was in the total amount of $40,000.00, representing $15,000.00 in compensatory and punitive damages awarded to Plaintiff James E. Hardin against Defendant, $15,000.00 awarded to Plaintiff James C. Hardin against Defendant, and $10,-000.00 awarded to Plaintiff Ralph Majors against Defendant.

9. The debt owed from Defendant to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(6).

Defendant's response to paragraphs 4 through 8 is as follows:

That the information and allegations contained in paragraphs four through eight of the Complaint are denied to the extent they adversely affect the interest of your debtor and strict proof is demanded of allegations that are set out which are meant to bring this action under the terms of 11 U.S.C. [§] 523(a)(6).

At the civil trial instituted by plaintiffs against the defendant-debtor for malicious prosecution, false arrest, and imprisonment, the trial court instructed the jury in pertinent part as follows:

The three elements in a malicious prosecution for your consideration to authorize a malicious prosecution to be proper, it must be shown to your satisfaction first an acquittal or final discharge of the original prosecution; two, that the charges were made through malice, and

---

**1.** Paragraph numbers are as shown in the complaint.

malice is a motive that is not hatred, but rather by indirect and improper motives, malice must consist of any other motives other than an honest desire to bring the guilty to justice; and three, done without a reasonable or plausible ground or cause to believe that it is true.

... Members of the jury, criminal judicial processes are provided for the protection of society from criminal elements. When such processes are used for a purpose other than a desire to bring the person prosecuted to justice, and thereby cause damage to a person wrongfully prosecuted, the law will allow recovery of damages from the prosecutor in what is called a malicious prosecution case.... It is not enough that the prosecution prosecution [sic] was not founded; it must have been malicious and without probable cause to impose liability on the instigators of it. Now, malice is not the same thing as failure to act, as any reasonable man would have under the circumstances. In fact, that is the definition of negligence. It is distinguishable from that mere negligence in that characteristic of negligence is inadvertence, or the absence of an intent to injure; but to constitute malice, there must have been a motive, an intent, and it must have been an improper motive or intent. And so malice is not in itself the same thing as want of probable cause, but malice may be inferred by the jury from the want of probable cause, although you are not required to make such a finding. The term malice does not mean that which must arise or be motivated by a spiteful or revengeful disposition, but includes, as well, conduct injurious to another proceeding from a mind not sufficiently cautious before it brings about an injury to another....

. . . . .

Now, just touching on false imprisonment and false arrest; obviously, if you find plaintiffs are entitled to recovery on the malicious prosecution, it would follow they would be entitled to the false arrest count, also. Otherwise, not. A plaintiff who has been falsely arrested or falsely imprisoned by a defendant is entitled to recover damages therefrom. That's the long and short of it. A small definition of false imprisonment: An unlawful violation of the personal liberty of another. It's almost too simple, isn't it?

To constitute a false imprisonment, there must have been an intentional and unlawful restraint, confinement, or detention which compels a person to stay or go somewhere against his will, such as the jail. The restraint necessary to constitute a false imprisonment may result either from the exercise of force or from an expressed or implied threat of force. It is not necessary to constitute a false imprisonment that there be confinement in a jail, although it would be if a malicious prosecution on behalf of the plaintiff is sustained.

. . . .

... On top of that, the plaintiffs ask for punitive damage, or as they used to say when I was a young lawyer, smart money. If you find these injuries and complaints were willfully and maliciously afflicted upon a plaintiff or plaintiffs or so wantonly done as to imply a conscientious disregard for the rights of others, such as the persons injured, if they were injured, are done with a bad motive, then you may go further and assess by way of punitive damages such a sum as in your judgment would be a warning to the defendant or defendants not to commit similar acts in the future, being mindful all the while of the instructions I give you as a whole.

Transcript of Evidence at 891–909.

At the conclusion of the civil action instituted by plaintiffs against the defendant-debtor, the jury awarded plaintiffs both compensatory and punitive damages. The amount of damages awarded, as modified by the Tennessee Court of Appeals, was in the total amount of forty thousand dollars ($40,000.00), representing fifteen thousand dollars ($15,000.00) in compensatory and punitive damages awarded to plaintiff James E. Hardin; fifteen thousand dollars

($15,000.00) in compensatory and punitive damages awarded to plaintiff James C. Hardin; and ten thousand dollars ($10,-000.00) in compensatory and punitive damages awarded to plaintiff Ralph Majors. In all other respects the jury verdict and judgment were affirmed by the Tennessee Court of Appeals. In particular, in response to the defendant-debtor's contention on appeal that the evidence was insufficient to support a judgment against him, the Tennessee Court of Appeals responded and ruled,

The trial judge properly submitted the issue of conspiracy to the jury. There is evidence that Chief Caldwell requested the other defendants come to his office four days after the incident and, upon arrival, statements and charges were formulated. After the warrants were typed, Chief Caldwell personally presented the warrants to a magistrate. While the magistrate issued the warrants, he testified he advised Caldwell he "was making a mistake." Caldwell then personally supervised plaintiffs' arrests. *There is ample evidence to support the jury's decision that Albert Caldwell conspired with the other defendants to maliciously prosecute plaintiffs.*

*Hardin v. Caldwell*, 695 S.W.2d 189, 191 (Tenn.Ct.App.1985) (emphasis added). The Tennessee Supreme Court declined to grant permission to appeal. Thereafter defendant-debtor instituted a chapter 7 bankruptcy case in this court.

## II

■ Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Under this exception there is no requirement that there be bodily injury. *In re Anderson*, 30 B.R. 229 (Bankr.S.D.Fla.1983); *In re Berman*, 26 B.R. 301 (Bankr.S.D.Fla.1982); *In re Giantvalley*, 14 B.R. 457 (Bankr.D.Nev.1981). In particular, it is not necessary that there be physical abuse in order to find a willful and malicious injury to the person of another within the meaning of section 523(a)(6).

*In re Moore*, 1 B.R. 52 (Bankr.C.D.Cal. 1979). Moreover, it is beyond dispute that a judgment for malicious prosecution may be held nondischargeable as arising from willful and malicious injury. *In re Shepherd*, 56 B.R. 218 (W.D.Va.1985) (state court judgment against debtor for intentional torts of assault and battery, false imprisonment and malicious prosecution awarding compensatory and punitive damages held nondischargeable under § 523(a)(6)); *In re Capparelli*, 33 B.R. 360 (Bankr.S.D.N.Y.1983) ($10,000 award against debtor on default judgment for malicious prosecution based on "brazen trumped-up assault charge" constituted bold, deliberate, and intentional injury committed without any justification and was nondischargeable as arising from willful and malicious injury).

Regarding what constitutes a "willful and malicious injury" under section 523(a)(6) of the Bankruptcy Code, this Court in *In re Hines*, 37 B.R. 553 (Bankr.E. D.Tenn.1984), explained,

In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

*Hines*, 37 B.R. at 555 (citing 3 Collier on Bankruptcy § 523.16 (15th ed. 1983)).

■ Defendant-debtor's malicious prosecution, false arrest, and imprisonment of plaintiffs, which resulted in the award of a civil judgment to them, clearly qualifies as a "willful and malicious injury" within the meaning of section 523(a)(6).

## III

Under the authority in this circuit, the doctrine of collateral estoppel may be used and applied in dischargeability proceedings. See *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). Under the doctrine of collateral estoppel, estoppel by judgment, or issue preclusion, a judgment on the merits in a prior lawsuit precludes relitigation of issues actually litigated and necessary to the outcome of the first action in later suit between the same parties, though the later suit involves a different cause of action. Three elements must be present for the prior judgment to have collateral estoppel effect: (1) the precise issue sought to be precluded was raised in the prior proceeding; (2) the issue was actually litigated; and (3) the determination of the issue in the prior action was necessary and essential to the outcome. *Spilman v. Harley*, 656 F.2d at 228; *In re Smith*, 37 B.R. 996, 998 (Bankr.M.D.Tenn.1984); *In re Berry*, 37 B.R. 992, 994 (Bankr.M.D.Tenn. 1984).

In the civil litigation brought by plaintiffs against the defendant-debtor in the Circuit Court for Knox County, Tennessee, the jury held Mr. Caldwell liable on plaintiffs' claims for malicious prosecution, false arrest, and imprisonment. Pursuant to Tennessee state law governing a malicious prosecution action, the jury *had* to find that plaintiffs proved by a preponderance of the evidence that the criminal charges were made through "malice" and "willfully." The trial judge in the civil action properly instructed the jury that malice involves "indirect and improper motives;" that it is distinguishable from negligence; and that to constitute malice "there must have been a motive, an intent, and it must have been an improper motive or intent." [2] Additionally, the jury was instructed that the defendant-debtor's actions must have been done without a reasonable or plausible ground or cause to believe that the criminal charge is true. Furthermore, the trial court pointed out to the jury in its instructions that malicious prosecution is an intentional, deliberate tort, distinguishable from negligence which involves "inadvertence, or the absence of an intent to injure," and that they must find an improper motive to hold the defendant liable for malicious prosecution. From the foregoing, it is clear that Tennessee law requires a showing of maliciousness and willfulness, as a prerequisite to recovering for malicious prosecution, which is co-extensive with the definitions of willful and malicious in section 523(a)(6). Accordingly, in this case all three elements necessary to have collateral estoppel effect are satisfied: the issues of willfulness and maliciousness were specifically raised in the state court proceeding; the issues were actually litigated; and the determination of the issues in the state court action was necessary and essential to returning a judgment against the defendant-debtor for malicious prosecution.

Moreover, the "willful" and "malicious" components of section 523(a)(6) were also raised, litigated, considered, and determined in the state court action by the jury in awarding punitive damages against the defendant-debtor. The state court trial judge instructed the jury that punitive damages could be awarded only if defendants' actions were "willfully and maliciously" afflicted:

> If you find these injuries and complaints were willfully and maliciously afflicted upon a plaintiff or plaintiffs or so wantonly done as to imply a conscientious disregard for the rights of others, such as the persons injured, if they were injured, are done with a bad motive, then you may go further and assess by way of punitive damages such a sum as in your judgment would be a warning to the defendant or defendants not to commit similar acts in the future, being mindful all the while of the instructions I give you as a whole.[3]

Nearly identical jury instructions on awarding punitive damages were con-

2. Transcript of Evidence at 893.

3. Transcript of Evidence at 908–909.

sidered by the bankruptcy court in *In re Smith,* 37 B.R. 996 (Bankr.M.D.Tenn.1984). In that case, the state court jury was told that, if it should find that "the defendant acted willfully and maliciously under circumstances of rudeness or oppression or in a manner which shows wanton or reckless disregard for the plaintiff's rights, then you may award the plaintiff such punitive damages as you deem appropriate." *Id.* at 1000. In *In re Smith,* based on the jury instructions, the bankruptcy court concluded that the jury had to have found that the debtor acted willfully and maliciously. As in *In re Smith,* plaintiffs in this case have established, based on the state trial court record, that the defendant-debtor's conduct was fully litigated in the state trial court. Findings of willfulness and maliciousness were necessary and essential to the judgment awarded, and the issues resolved by the jury are identical to those in the instant dischargeability proceeding.

There being no material issue that was not completely resolved in the state court trial, the defendant-debtor is collaterally estopped to relitigate the factual issues in this section 523(a)(6) proceeding.

## IV

■ The court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Bankruptcy Rule 7056; Fed.R.Civ.P. 56. Summary judgment is appropriate because there is no genuine issue as to any material fact in this proceeding and plaintiffs are entitled to a judgment as a matter of law.

■ Under the well-settled weight of authority, both compensatory and punitive damages are subject to findings of nondischargeability pursuant to section 523(a)(6)

of the Bankruptcy Code. See *Coen v. Zick,* 458 F.2d 326 (9th Cir.1972), in which the court stated:

> The statutory exception which measures non-dischargeability is "... for liabilities ... for willful or malicious injuries to the person or property of another...." The exception is measured by the nature of the act, *i.e.,* whether it was one which caused willful and malicious injuries. All liabilities resulting therefrom are non-dischargeable. One liability is limited to actual compensation, presumably out of pocket expenses, loss of profits, and other provable damages. But for this type of conduct, yet another liability may be incurred if the jury under proper instructions sees fit to award it. That is for punitive damages. Both types of liability are within the statute as "liabilities" for "willful or malicious injuries to the person or property of another."

*Coen,* 458 F.2d at 329–30. Most recently, in *Moraes v. Adams,* 761 F.2d 1422 (9th Cir.1985), the rule in *Coen* that all liabilities resulting from willful and malicious injuries are nondischargeable was reaffirmed:

> There is no evidence in the legislative history underlying either section 523(a)(6) or section 523(a)(9) that suggests that Congress intended to limit the scope of nondischargeability to punitive damages. We therefore see no reason to depart from the rule articulated in *Coen.* Accordingly, we conclude that both compensatory and punitive damages are subject to findings of nondischargeability pursuant to sections 523(a)(6) and 523(a)(9).

*Adams,* 761 F.2d at 1428.[4]

The state court judgment is nondischargeable under section 523(a)(6).

---

**4.** *See also In re Webster,* 1 B.R. 61, 64 (Bankr.E.D.Va.1979): "[w]here the judgment is based on willful and malicious conduct, neither the compensatory nor the punitive damages are dis-

chargeable." *In re Berberian,* 34 B.R. 580 (Bankr.D.R.I.1983) (claim for intentional infliction of emotional distress nondischargeable; punitive damages awarded).